# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| MELISSA PEAK, daughter and next of kin of the deceased, Danny Eugene Sherrill, | ) ) ) | |
| Plaintiff, | ) ) | Civil No. 2:09-0065 |
| v. | ) ) | |
| CUMBERLAND COUNTY, TENNESSEE, BUTCH BURGESS, Sheriff, in his capacity as Sheriff of Cumberland County, Tennessee, CUMBERLAND COUNTY JUSTICE CENTER, and W. WHITE #923, C. SIMPSON #935, A. ILES #927, B. MILSTEAD #903, M. HAMBY, #920, C. HENNESSEE #925, TERRY BOOTS #917, and JOHN DOES I-X, all individually and as employees or agents of Cumberland County, Tennessee, Sheriff Burgess and/or Cumberland County Justice Center, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER SETTING CASE FOR TRIAL

1. Trial setting: This case is set for jury trial on Tuesday, November 29, 2011, at 9:00 a.m. in **Courtroom 873 of the United States Courthouse, 801 Broadway, Nashville, Tennessee**.

2. Pretrial conference setting: A pretrial conference shall be held in **Judge Trauger's chambers, Room 825 United States Courthouse, 801 Broadway, Nashville, Tennessee**, on November 23, 2011, at 10:00 a.m. Lead counsel for each party must attend the pretrial conference. If lead counsel is not from Tennessee, local counsel must also attend.

3. Information exchanged but not filed: By November 4, 2011, the parties shall exchange copies of exhibits and make available for examination by any opposing party the original of all exhibits. By this same date, the parties shall exchange designations of portions of depositions which are to be read into evidence during the case in chief. The parties should attempt to agree on additions to the designations necessary to put responses into context.

4. Filings required prior to pretrial conference: The following shall be filed by

November 18, 2011:

    a. witness lists;

    b. exhibit lists (Plaintiff's exhibits shall be premarked as "P-1, P-2," etc.; defendant's exhibits shall be premarked as "D-1, D-2," etc. The authenticity of exhibits should be stipulated to if at all possible. Failure to include an exhibit on this exhibit list will result in its not being admitted into evidence at trial, except upon a showing of good cause.);

    c. stipulations; and

    d. expert witness statements as described in Local Rule 39.01(c)(6)c.[1]

5. <u>Motions in limine</u>: Motions in limine shall be filed by <u>November 9, 2011</u>. Responses shall be filed by <u>November 18, 2011</u>.

6. <u>Pretrial Order</u>: By <u>November 18, 2011</u>, the parties shall file a joint proposed Pretrial Order which shall contain the following:

    a. a recitation that the pleadings are amended to conform to the Pretrial Order and that the Pretrial Order supplants the pleadings;

    b. the jurisdictional basis for the action and whether jurisdiction is disputed;

    c. a short summary of each party's theory (prepared by the party);

    d. a listing of the contested issues of law, with a designation of whether the issue is for the jury or the judge; and

    e. a listing of known evidentiary disputes, including those involving deposition designations.

7. <u>Duration of trial</u>: The trial of this case is expected to last <u>5</u> days.

8. <u>Jury costs</u>: If the case settles closer to trial than two business days, the cost of summoning the jury may be assessed against the parties.

It is so **ORDERED**.

---

[1] Judge Trauger requires the filing of medical expert (as opposed to treating physician) statements as well. The exclusion for medical expert statements in the referenced Local Rule does not apply in her court.

ENTER this 10th day of November 2010.

                                                    ALETA A. TRAUGER
                                                    U.S. District Judge